IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ABDULLAH AL JABER | * | CIVIL ACTION NO. 06-0360 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Abdullah Al Jaber ("Jaber") on February 27, 2006. The Government responded to Jaber's petition (Doc. #7). For reasons stated below, it is recommended that Jaber's petition be **DISMISSED without prejudice.**

BACKGROUND

Jaber, a native and citizen of Bangladesh, entered the United States on or about May 31, 1991 as a Lawful Permanent Resident. On June 4, 1999, Jaber was convicted of a felony, Theft By Taking, in Georgia and sentenced to 20 years in prison. On July 10, 1999, the Immigration and Naturalization Service issued a Notice to Appear on the basis of Jaber's felony conviction.

On August 23, 2005, an Immigration Judge issued a final order of removal as to Jaber. Jaber came into United States Immigration and Customs Enforcement ("ICE") custody on May 4, 2005. On December 16, 2005, ICE issued a decision to continue Jaber's detention because he was a threat to the community and because ICE was working to obtain a travel document for him.

On October 7, 2005, ICE attempted to obtain a travel document for Jaber from the Embassy of Bangladesh. On November 15, 2005, ICE left a message concerning the travel document request the Embassy of Bangladesh. On November 29, 2005, ICE contacted Jaber's brother who indicated that he would mail Jaber's passport to the Atlanta Field Office. ICE left another message with the Embassy of Bangladesh on December 5, 2005. A telephonic interview

was held between Jaber and the Bangladesh Embassy Consular Officer Mr. Nain on April 20, 2006. Consular Officer Nain indicated that his office would continue the process of verifying Jaber's identity and upon establishing citizenship would issue a travel document.

In his petition, Jaber's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Jaber, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has expired, Jaber has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has

2

demonstrated that it is engaged in ongoing efforts to obtain Jaber's travel documents from the Embassy of Bangladesh and that it is likely that same will be issued within a reasonable period. Jaber has failed to provide good reason to believe that his removal is unlikely in the foreseeable future, and therefore his continued detention pending removal is constitutional at this time. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE